IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mark Kirby, individually and on behalf of the Estate of Jane W. Kirby, <br><br> Plaintiff, <br><br> v. <br><br> SC State Accident Fund; Amy Cofield, <br><br> Defendants. | Case No. 3:23-cv-00659-JDA <br><br> **OPINION AND ORDER** |

This matter is before the Court on a motion to dismiss and/or for summary judgment filed by Defendants. [Doc. 62.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On December 6, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motion to dismiss be granted. [Doc. 72.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 17.] On December 15, 2023, Plaintiff filed objections to the Report [Doc. 75], and on December 29, 2023, Defendants filed a reply [Doc. 76].[1] This motion is now ripe for review.

---

[1] This case was reassigned to the undersigned on February 13, 2024.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**DISCUSSION**

The Magistrate Judge recommends granting Defendants' motion to dismiss because Defendants are immune under the Eleventh Amendment and because Plaintiff's claims are not supported under 42 U.S.C. § 1983.[2]  [Doc. 72.]

**Eleventh Amendment Immunity**

The Magistrate Judge first concluded that Plaintiff's claims should be dismissed under the Eleventh Amendment, citing two cases in which the District of South Carolina held that the South Carolina State Accident Fund ("SCSAF") and the state agency

---

[2] Given this recommendation, the Magistrate Judge held that it was unnecessary to address Defendants' additional arguments for dismissal and for summary judgment. [Doc. 72 at 15 n.6.]

2

employees in their official capacities[3] are entitled to Eleventh Amendment immunity as to any claims against them for monetary damages.[4]  [Doc. 72 at 8–10]; *see Walling v. State Accident Fund*, No. 2:15-4448-DCN-BM, 2016 WL 7626172, at *5 (D.S.C. Feb. 8, 2016), *Report and Recommendation adopted by* 2016 WL 7508234 (D.S.C. Feb. 29, 2016), *appeal dismissed by* 668 F. App'x 39 (4th Cir. 2016); *Lynch v. State Accident Fund*, No. 6:15-4147-TMC-KFM, 2015 WL 7352017, at *1 (D.S.C. Oct. 20, 2015), *Report and Recommendation adopted by* 2015 WL 7274164 (D.S.C. Nov. 16, 2015).

In his objections, Plaintiff "objects to the statement [in the Report] that under the Eleventh Amendment, [f]ederal [c]ourts are barred from hearing claims against the state, or its agents, instrumentalities, and employees, unless the state has consented to the suit" and argues that it "is in error."  [Doc. 75 at 9 (internal quotation marks omitted).]  He cites to a series of cases he contends are exceptions to Eleventh Amendment immunity and argues that "[d]espite what the Defendants attempt to assert, no Law or Court ruling reinstated sovereign immunity in South Carolina.  The SC Tort reforms act **REPLACED** sovereign immunity with qualified immunity."  [*Id*. at 9–13.]  Plaintiff further asserts that "[c]ourts have also ruled that if the funds used to pay for claims under 1983 do NOT come from the State Treasury, the state may not have immunity in 1983 cases."  [*Id*. at 14; *see also id*. at 15–17.]

---

[3] Plaintiff sues Defendant Amy Cofield only in her official capacity as the Director of SCSAF.  [Doc. 1 at 2.]

[4] In his Complaint, Plaintiff states that he seeks "the maximum liability amount allowable under State Law" and "a written apology" from the Governor of South Carolina and the Director of the SCSAF.  [Doc. 1 at 5.]  Seeing no evidence that Plaintiff seeks injunctive or declaratory relief, the Court treats Plaintiff's claims as seeking monetary damages only.

The Magistrate Judge correctly held that "[u]nder the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit."  [Doc. 72 at 7]; *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020).  This immunity also extends to state agencies and other government entities properly characterized as "arm[s] of the State." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).  "Like the state itself, state officers acting in their official capacity are entitled to Eleventh Amendment protection, because a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and [a]s such, it is no different from a suit against the State itself."  *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (alteration in original) (internal quotation marks omitted).

As noted in *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court.  The State of South Carolina has not consented to suit in a federal court.  The South Carolina Tort Claims Act ("SCTCA"), S.C. Code § 15-78-20(e), expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the state of South Carolina, and does not consent to suit in a federal court or in a court of another state.  *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities"), *superseded by statute*, S.C. Code § 15-78-100(b), *as recognized in Jeter v. S.C. Dep't of Transp.*, 633

S.E.2d 143 (S.C. Ct. App. 2006); see also Pennhurst, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

At the outset, the Court notes that Plaintiff's objections seem to confuse the doctrine of Eleventh Amendment immunity with that of qualified immunity and Plaintiff's arguments rely primarily on citations to qualified immunity caselaw. [Doc. 75 at 9–13.] Notwithstanding this confusion, Plaintiff argues that Eleventh Amendment immunity does not apply here because the SCSAF is not a state agency and the two cases cited by the Magistrate Judge that involve the SCSAF are distinguishable. [*Id*. at 16–18.] Without citing any supporting cases, Plaintiff asserts that the SCSAF is a "free standing" statutory fund whose funding does not come from the State Treasury, but rather the "South Carolina Liability Insurance Reserve Fund," and it therefore is not "an arm of the state" entitled to immunity from suit under the Eleventh Amendment. [*Id*. at 16.] Plaintiff further argues that the two District of South Carolina cases analyzed in the Report—both of which hold that the SCSAF is entitled to Eleventh Amendment immunity—are distinguishable because they were not § 1983 actions. [*Id*. at 17–18]; Walling, 2016 WL 7626172; Lynch, 2015 WL 7352017. The Court disagrees with Plaintiff, as both cases were brought under § 1983,[5] and agrees with the Magistrate Judge that Walling and Lynch demonstrate that the SCSAF and the state agency employees in their official capacities are entitled to Eleventh Amendment immunity. [Doc. 72 at 9–10]; Walling, 2016 WL 7626172; Lynch, 2015 WL 7352017; see also Owens v. Univ. of South Carolina, No. 3:18-547-MGL, 2019 WL 421886, at *2 (D.S.C. Feb. 4, 2019) ("Because the South Carolina Insurance Reserve

---

[5] The court in Walling could not decipher Plaintiff's claims but concluded that he may have been "attempting to assert claims pursuant to 42 U.S.C. § 1983." 2016 WL 7626172 at *4.

5

Fund functions as a governmental insurance operation for the state and all premiums received are deposited with the office of the state treasurer, it is also an arm of the state."). The Court therefore overrules Plaintiff's objections as to Eleventh Amendment immunity.

**Section 1983 Claim**

The Magistrate Judge further recommended that Defendants be dismissed because Plaintiff's claims against them are not supported under 42 U.S.C. § 1983. [Doc. 72 at 10.] The Magistrate Judge concluded that Defendants do not qualify as "persons" under § 1983 and therefore should be dismissed. [*Id*. at 10–11.] Plaintiff does not specifically address this finding in his objections, and the Court agrees with the Magistrate Judge that Defendants are not "persons" under § 1983.

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of" state law. 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (4th ed. 2023). The Magistrate Judge correctly stated that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." [Doc. 72 at 11.] It is well established that neither a state nor a state official acting in an official capacity may be deemed a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, at 71 (1989). Because the State Accident Fund and Amy Cofield in

her official capacity are not "persons" under § 1983, they are not proper defendants, and the Court overrules Plaintiff's objections.[6]

## CONCLUSION

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent it is not inconsistent with this Order. Accordingly, Defendants' motion to dismiss [Doc. 62] is GRANTED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

May 2, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[6] The Report additionally analyzes whether Plaintiff sufficiently alleged "an official policy or custom that results in an illegal action" such that supervisory liability would be applicable. [Doc. 72 at 11–15.] The Court concludes that because Defendants are not "persons" under § 1983, it need not analyze any remaining aspects of a § 1983 action.

7